UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **IN RE: YAMAHA MOTOR CORP. RHINO ATV PRODUCTS LIABILITY LITIGATION** | Master File No. 3:09-MD-2016-JBC<br>MDL No. 2016 |
| **THIS DOCUMENT RELATES TO DOUGAN, ET AL. V. YAMAHA MOTOR CORP., ET AL. 09-CV-133-JBC** | JENNIFER B. COFFMAN,<br>U.S. DISTRICT JUDGE |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court upon the motion of the defendant Texarkana Yamaha Sports Center, Inc. ("Sports Center"), to dismiss this action against it for failure to state a cause of action (R.13).

**I.      Background**

On June 23, 2007, Sandra Dougan was operating a Yamaha Rhino side-by-side utility vehicle ("Rhino"). The vehicle rolled over, injuring Dougan's leg. Sandra Dougan's son and father had purchased the Rhino from Sports Center.

Plaintiffs Sandra Dougan and Jack Dougan seek damages incurred as a result of Sandra Dougan's accident. They brought this action against Yamaha Motor Corporation, USA; Yamaha Motor Manufacturing Corporation of America; Yamaha Motor Co., Ltd; and Sports Center. The plaintiffs allege that the Rhino was defective in design or manufacture or both, as well as a variety of claims associated

1

with the allegedly defective product.[1]  *See* R. 4, Plaintiffs' First Amended Complaint. [2]

Sports Center requests that the court dismiss all claims against it because the plaintiffs have failed to state any legally cognizable cause of action against it.

**II.    Legal Standard**

Sports Center's motion is made under Federal Rule of Civil Procedure 12(b)(6).  Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  In order to avoid dismissal under Rule 12(b)(6), a plaintiff must provide the grounds for his entitlement to relief. He need not provide "a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89 (2007) (citation

---

[1] Plaintiffs' complaint alleges that the defendants have committed negligence and gross negligence, breach of warranties, fraudulent concealment, negligent misrepresentation, and civil conspiracy.  Jack Dougan, Sandra's husband, brings a claim for loss of consortium.

[2] The plaintiffs' original complaint (R. 1) has been superseded by their First Amended Complaint.  (R. 4).  In this order, the court will refer generally to the "complaint" but at all times will be referring to the amended complaint.

omitted). Dismissal is warranted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Benzon v. Morgan Stanley Distrib., Inc.*, 420 F.3d 598, 605 (6th Cir.2005) (citation omitted).

### III. Analysis

Sports Center contends that the plaintiffs have failed to state a valid legal claim against it. Plaintiffs respond that they have pled successfully two claims against Sports Center: a negligence claim and a products-liability claim.[3]

This matter is before this court as a part of a multi-district litigation proceeding. It was originally filed in the Western District of Texas based on diversity jurisdiction. This court therefore will apply substantive Texas state law. *See Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964); *Murphy v. F.D.I.C.*, 208 F.3d 959, 965 (11th Cir. 2000); *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996).[4]

---

[3] The plaintiffs point to the allegations contained in paragraphs 9, 10, and 11 of the amended complaint. However, throughout the complaint, the plaintiffs make various allegations against the "Defendants," of which Sports Center is defined as one. *See* Am. Compl. ¶ 5, ¶¶ 13-19. Several of these allegations could be construed as attempts to make additional claims against Sports Center. In its motion to dismiss, Sports Center challenges these claims as well, but plaintiffs have responded that they attempt to make a products liability claim only under section 82.003(a)(5) of the Texas Civil Practice and Remedies Code and a negligence claim. Therefore, to the extent the complaint states other claims against Sports Center, those claims are dismissed.

[4] The motion and associated filings were originally briefed under Texas law and neither party requested re-briefing after the case was transferred to this court.

Because the plaintiffs seek recovery for injuries caused by the alleged defects of the Yamaha Rhino, this action is governed by chapter 82 of the Texas Civil Practice and Remedies Code. *See Garcia v. Nissan Motor Co., Ltd.*, No. M-05-59, 2006 WL 869944, at *2 (S.D. Tex. March 30, 2006)*; Rubin v. Daimler Chrysler Corp., et al.*, No. H044021, 2005 WL 1214605, at *3 (S.D. Tex. May 20, 2005). Although the plaintiffs assert a variety of theories for the defendants' liability, under Texas law, the action remains a products liability action. According to chapter 82, a "products liability action" is

> any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

TEX. CIV. PRAC. & REM. CODE. ANN. § 82.001. *See Rubin*, at *3-4.

One section of chapter 82, section 82.003, limits the ability of a plaintiff to recover damages from a non-manufacturing seller in a products liability action. The plaintiffs concede both that this is a products liability action governed by chapter 82 and that Sports Center is a non-manufacturing seller.

According to section 82.003, a non-manufacturing seller cannot be held liable "for injuries caused by a defective product unless one of the specified exceptions applies." *Rubin*, at *3; *see also Lott v. Dutchmen Mfg.*, 422 F.Supp.2d 750, 754 (E.D. Tex. 2006) ("a seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant can

4

prove that one of the listed exceptions [in section 82.003] applies."). The statute specifies seven exceptions.[5]

The plaintiffs argue that they have stated a negligence claim against Sports Center. They point to the allegations in their complaint that Sports Center was negligent for failing to adequately train the purchasers or provide them with "the

---

[5] Liability of Nonmanufacturing Sellers
(a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
  (1) that the seller participated in the design of the product;
  (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;
  (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;
  (4) that:
    (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
    (B) the warning or instruction was inadequate; and
    (C) the claimant's harm resulted from the inadequacy of the warning or instruction;
  (5) that:
    (A) the seller made an express factual representation about an aspect of the product;
    (B) the representation was incorrect;
    (C) the claimant relied on the representation in obtaining or using the product; and
    (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;
  (6) that:
    (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and
    (B) the claimant's harm resulted from the defect; or
  (7) that the manufacturer of the product is:
    (A) insolvent; or
    (B) not subject to the jurisdiction of the court.
TEX. CIV. PRAC. & REM. ANN. § 82.003.

proper training materials" and other warnings and instructions. *See* Am. Compl. ¶¶ 9, 11. Even taking these factual allegations as true, the plaintiffs have not stated a claim upon which relief can be granted.

The list of possible claims against a non-manufacturing seller established in section 82.003 is both precise and exclusive: in a products liability action, any claim brought against a non-manufacturing seller must be one of the listed, allowable, claims. *See Garcia*, at *2 n.5 (dismissing plaintiff's claims not covered by section 82.003 because "the plain language of 82.003 precludes these 'extra-82.003' claims as it applies to 'any action' under 'any theory'"); *see also In re Conagra Peanut Butter Products Liability Litigation*, No. 07-CV-2096, 2008 WL 953023, at *2 (N.D. Ga. 2008) (dismissing plaintiff's free-standing negligence claim against seller that was not one of the enumerated exceptions of section 82.003 because "a products liability action in Texas includes a negligence action, so long as the underlying action stems from personal injuries caused by a defective product" and the negligence alleged did not qualify as one of the exceptions); *Alonso ex rel. Estate of Cagle v. Maytag Corp.*, 356 F.Supp.2d 757 (S.D. Tex. 2005) (describing sections 82.001-82.003 as denying recovery in a products liability action under any theory, including negligence, unless plaintiff establishes basis for recovery under one of the exceptions of 82.003). The plaintiffs' claim against Sports Center alleging it was negligent for not adequately training, warning, or providing certain training materials therefore fails.

The court next considers the plaintiffs' products liability claim.  Plaintiffs argue that their products liability claim against Sports Center meets the exception enumerated in section 82.003(a)(5):

> (a) A seller that distributes a product, without participating in its manufacture, is not liable for harm caused to the claimant by that product unless the claimant proves:
> (5) that:
> A) the seller made an express factual representation about an aspect of the product;
> B) the representation was incorrect;
> C) the claimant relied on the representation in obtaining or using the product; and
> D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm.

TEX. CIV. PRAC. & REM. ANN. § 82.003(a)(5).

The plaintiffs argue that they have pled a claim under 82.003(a)(5) by alleging that Sports Center made "false, inaccurate and/or misleading representations as to the safety of the Yamaha Rhino when used in a reasonable and foreseeable manner" and that as a result of those representations, "Sandra Dougan's father and her son purchased said Yamaha Rhino from [Sports Center] with a false sense of security as to the safety and/or terrainability of the Yamaha Rhino." R. 14, ¶¶ 10, 4, 5.  Plaintiffs attempt to add support for their claim by stating in their response that the false statement at issue was a salesperson's comment to the purchasers that the Yamaha Rhino was "safer than a four wheeler." R. 14, ¶ 11.  Plaintiffs do not at any point, in the complaint itself or in their response and sur-reply to the defendant's motion, state a specific basis for

7

any statement being "inaccurate" apart from their general allegations that the Rhino was defective and, therefore, not actually safe.

In order to have a claim against a non-manufacturing seller, a plaintiff in a products liability action must, under Texas law, allege some independent basis for the seller's liability – a seller must do more than be a channel through which the defective product passes to reach the customer. The first section of chapter 82 casts a wide net, applying the subsequent sections to any action in which the plaintiff alleges that the resulting injury was caused by a defective product. TEX. CIV. CODE & REM. ANN. § 82.001. According to the second section of the chapter, any seller must be indemnified by the manufacturer, unless the seller is "independently liable" because the loss was "caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product." *Id.* § 82.002. The next section, section 82.003, further narrows the possibilities of recovery against sellers of defective products: *non-manufacturing* sellers simply are "not liable for harm caused to the claimant" unless the claimant proves the seller has somehow directly contributed to the harm caused by the alleged defectiveness. "In essence, [section] 82.003 denies, under the umbrella of products liability, recovery from a product seller who merely distributes a defective product." *Alonso*, 356 F.Supp. at 761; *see Mann v. Calflex Mfg., Inc.*, No. 06-CV-338, 2007 WL 3070777 (W.D. Tex. Oct. 19, 2007) (noting the "Texas

general rule that non-manufacturing sellers cannot be held independently and directly liable for products defects").

Thus, in order for a non-manufacturing seller to be held liable for injuries caused by a defective product because of a factual representation it has made, the statement must be incorrect and it must "*independently* contribute[] to the harm caused by the defective product." *Rubin*, at *9 (emphasis added). Here, Sports Center's statements that the Rhino was safe or "safer than a four wheeler" did not contribute to the harm allegedly caused by the Rhino. Taking the plaintiffs' allegations as true, the salesperson did nothing more than sell Sandra Dougan's family a defective Rhino, which he believed to be safe and which he represented to them as being safe.[6] The only basis alleged by the plaintiffs for the alleged inaccuracy of any statement made by Sports Center employees is that the Rhino is allegedly defective and therefore not safe. That is, according to the plaintiffs, any statement made by Sports Center as to the safety of the Rhino is inaccurate because the product was allegedly defective.

Essentially, all that the plaintiffs allege is that the salesperson told the purchasers that the Rhino was safe – or, in other words, not defective. Holding a seller responsible for having stated that a product is without defect, when a plaintiff later proves that it is defective, would negate the general exclusion of non-manufacturing sellers from liability for injuries resulting from defective products

---

[6] The plaintiffs do not claim that Sports Center represented the Rhino as safe while knowing that it actually was not safe. *Cf.* 82.003(a)(6).

provided by the Texas statute.[7] Because the plaintiffs have not alleged any basis for the inaccuracy of statements made by Sports Center employees apart from the general allegations of the defectiveness of the Rhino, they have failed to state a claim against Sport Center upon which relief can be granted, pursuant to Texas law.[8] *See Rubin,* at *9 (finding no basis for seller liability under 82.003(a)(5) where plaintiff made only "general 'failure to warn' allegations"). *Cf. Pham v. Toyota Motor Corp.*, No. 06-576, 2007 WL 43902 (S.D. Tex. Jan. 4, 2007) (suggesting that the allegation that a salesperson "advocated use of the 4-Runner in ways likely to cause it to roll over" stated a factual basis for an actionable claim under 82.003(a)(5)).

**IV.     Conclusion**

---

[7]It is also arguable that the statement made by the salesperson is not an "inaccurate" statement of fact but rather an opinion or non-actionable "puffery." *See Helena Chemical Co. v. Wilkins*, 18 S.W.3d 744 (Tex. App. 2000) (noting that a statement is not false and actionable as a misrepresentation when it merely presents "imprecise or vague opinions"); *see also Chandler v. Gene Messer Ford., Inc.*, 81 S.W.3d 493, 499 (Tex. App. 2002) (noting that there was no factual misrepresentation actionable under tort where salesperson expressed his opinion that the Ford Aspire was safer than the Geo Metro due to having dual air bags). The court will not reach this aspect of the plaintiffs' allegations, for regardless of the characterization of the statement made, it would not establish an independent basis for the liability of Sports Center.

[8]It is therefore not necessary to reach Sports Center's argument that the plaintiffs' claim fails because the plaintiffs did not comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, requiring that claims of fraud or mistake be pleaded with particularity. *See* Fed. R. Civ. P. 9(b).

Accordingly, **IT IS ORDERED** that defendant Sports Center's motion to dismiss (R. 13) is **GRANTED**. All claims against Sports Center are **DISMISSED with prejudice.**

Signed on  April 2, 2009

**Jennifer B. Coffman, Judge
United States District Court**